FILED

Michael Alan Rubin
4712 Admiralty Way
Ste #276
Marina del Rey, Ca 90292
318 279 1886

2011 OCT 12 AM 11: 02

MICHAEL ALAN RUBIN

Los Angeles, California.
m-alan2011@live.com

PLAINTIFF IN *PRO PER*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL ALAN RUBIN

    Plaintiff

v.

WARNER BROS.
ENTERTAINMENT INC.;
LEGENDARY PICTURES, INC.;
LIVING FILM CORPORATION
LIMITED; TODD PHILLIPS;
CRAIG MAZIN; SCOT
ARMSTRONG; DANIEL
GOLDBERG; STEPHEN LEO
"STEVE" BING ; TAMAYO
OTSUKI; and DOES 1 through 50, 10

    Defendants.

§
§
§
§
§
§
§
§
§
§
§

**CV11-8419-** RGK(JCx)
CASE NO.

PLAINTIFF'S COMPLAINT   AND
DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, Michael Alan Rubin, appearing *pro se*, and for a complaint against the defendants above named, states, alleges, and avers as follows:

### JURISDICTION & VENUE



1. This court has original jurisdiction under 28 U.S.C. §§ 1331; 1332 and 1338 because this action arises under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq* ("RICO") and the Copyright Act, 17 U.S.C. §§ 101*et seq*; and also this suit involves citizens of different states and a foreign corporation where the amount in controversy exceeds $75,000.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367, because all other claims are so related to those claims over which the Court has original jurisdiction.

3. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400, because all the Defendants reside, does business, may be found and is subject to personal jurisdiction here.

## PARTIES

4. At all times relevant, Plaintiff MICHAEL ALAN RUBIN (hereinafter "Plaintiff") was and is a citizen and resident of Los Angeles County, California and is a film actor and writer.

5. Defendant WARNER BROS. ENTERTAINMENT INC., (hereinafter "Warner Bros.") is a Delaware corporation, having its principal office and headquarters at 4000 Warner Boulevard, Burbank, California, conducting business in the state of California and was involved in the production and distribution of the motion picture The Hangover Part II (hereinafter referred to as "Hangover-2").

6. At all times relevant, Defendant LEGENDARY PICTURES, INC. (hereinafter

"Legendary Pictures") is a corporation, having its principal office and headquarters at 4000 Warner Boulevard, Burbank, California, conducting business in the state of California and was involved in the production and distribution of Hangover-2.

7. Upon information and belief, Defendant GREEN HAT FILMS, was and is a corporation, having its principal office and headquarters at 4000 Warner Blvd. Burbank, California, conducting business in the state of California and was involved in the production and distribution of Hangover-2.

8. Defendant LIVING FILMS COMPANY LIMITED (hereinafter "Living Films") is a Thailand corporation, having its principal office and headquarters at 191/150 Koolpunt Villa 5, Chiangmai-Hang Dong Road T. Mae Heia, A. Muang Chiang Mai, 50100 Thailand and was involved in the production and distribution of Hangover-2.

9. Defendant TODD PHILLIPS is a US citizen and is the director, one of the producers and writers of Hangover-2.

10. Defendant GRAIG MAZIN is a US citizen and is one of the writers of Hangover-2.

11. Defendant SCOT ARMSTRONG is a US citizen and one of the writers of Hangover-2.

12. Defendant DANIEL GOLDBERG is a US citizen and the producer of Hangover-2.

13. Defendant STEPHEN LEO "STEVE" BING (hereinafter "Steve Bing") is a US citizen and one of the executive producers of Hangover-2.

14. At all times relevant, Defendant TAMAYO OTSUKI (hereinafter "Tamayo") lives in Las Vegas, at 650 Oakmont Avenue #2120 and/or 3823 South Maryland Pkwy #A and is a standup comedian.

15. Doe Defendants 1 through 10 are either agents or employees of the aforementioned Defendants in paragraph 5 through 14, including but not limited to any third parties who are coconspirator in commission of any or all of the alleged wrongs committed against the Plaintiff.

16. Defendants mentioned in paragraphs 5 through 15 are hereinafter collectively referred to as the "Hangover Defendants."

## STATEMENT OF FACTS

17. Plaintiff hereby restates and re-alleges paragraphs 1 through 16 of this Complaint as if fully stated herein.

18. At all times relevant, Plaintiff was dating Tamayo.  On or about September 1, 2007, Tamayo proposed Plaintiff to marry and also invited him to Japan to conduct the marriage ceremony as per Japanese tradition.  On October 5, 2007, Plaintiff married Tamayo as per a Japanese ceremony.

19. Tamayo and Plaintiff were honeymooning at Thailand and India.  Differences started arising between Tamayo and Plaintiff over Plaintiff's financial condition.  During the honeymoon trip, on March 12, 2008, Tamayo refused to share her hotel at Kovalam, India with Plaintiff.  Feeling insulted, Plaintiff travelled to Goa – a

beach holiday spot in India.

20. Upon traveling to Goa, Plaintiff happened to meet a Bollywood director Sojan Joseph, who offered Plaintiff to play a leading role in a series of film including but not limited to, "Sabar" and "Return Home". These films would have various producers including, but not limited to "Mulakuppadam Films" and its president Tomy Anthony a/k/a Tomachan. Subsequently, Plaintiff began receiving more opportunities to work on various other films. Plaintiff began to work on other film projects with a view to earn and save money to invest on some of his proposed film projects related to his real life experiences and those common experiences shared with his wife Defendant Tamayo.

21. At all times relevant, Plaintiff was involved in writing a film treatment titled "Mickey and Kirin" based on his real life experience, especially based on Plaintiff's romance and marriage with Defendant Tamayo.

22. On October 27, 2009, Plaintiff deposited a copy of the treatment Mickey and Kirin with the Writers Guild of America # 1390336.

23. At all times relevant, the Hangover Defendants, individually and/or through their / its employees / agents, wrote, produced, and/or distributed the film Hangover-2 which was released in United States and Canada on May 26, 2011. Subsequently, during May 26 – 29, 2011, Hangover-2 was released internationally over 40 countries.

24. On June 27, 2011, Plaintiff received an email from one of his friend Mr. Garth Weser, from Hollywood stating that Hangover-2 reflects the real life incidents of the Plaintiff.    Subsequently, on or about August 20, 2011, Plaintiff watched Hangover-2 and noticed that the film reflects the private real life of the Plaintiff as well as the treatment "Mickey and Kirin."

25. For the reasons more fully explained below, the production of Hangover-2 is not a complete "literary" or "artistic" works of the Hangover Defendants as credited in Hangover- 2. In fact, the production of Hangover-2 was a result of infringement of the Plaintiff's treatment "Mickey and Kirin" and exploitation of the private real life of Plaintiff in an insulting manner.

26. Mickey and Kirin is a story of a struggling actor who travels from the United States to an Asian country to marry his Asian girlfriend.    The real life of the Plaintiff also did involve a similar situation where the Plaintiff travelled from the United States to Japan to marry Defendant Tamayo. The plot and theme of Hangover-2 is copied from the treatment "Mickey and Kirin" and also from the private real life incident of the Plaintiff, because the protagonist in Hangover-2 travels from the United States to an Asian country to marry his Asian girlfriend.

27. Apart from copying the plot and theme of the treatment as well as the private real life of the Plaintiff, the Hangover Defendants misappropriated the likeness and the Plaintiff's story without Plaintiff's consent.

28. On July 1, 2011, Plaintiff submitted the treatment "Mickey and Kirin" with the U.S. Copyright Registration Office at Washington D.C. for copyright registration of the treatment.

## COUNT I
## COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501 / HANGOVER DEFENDANTS

29. Plaintiff hereby restates and re-alleges paragraphs 1 through 28 of this Complaint as if fully stated herein.

30. At all times relevant, Plaintiff has been the author of the original script work of the treatment "Mickey and Kirin" which is registered with Writers Guild of America ("WGA") and also pending U.S. Copyright registration.

31. Without authorization, the Hangover Defendants copied the theme and plot of "Mickey and Kirin" to produce Hangover-2.

32. The Hangover Defendants knew the infringed work belongs to Plaintiff and they did not have permission to exploit Plaintiff's work.

33. The Hangover Defendants knew their acts constituted copyright infringement.

34. The Hangover Defendants' conduct was willful within the meaning of the Copyright Act.

35. As a result of the Hangover Defendants' conduct, Plaintiff has suffered, and will continue to suffer substantial losses, including but not limited to his business reputation and goodwill.  Therefore, the Hangover Defendants are liable to the

Plaintiff for copyright infringement    pursuant to 17. U.S.C. § 501.

36. Plaintiff is entitled to recover damages under 17 U.S.C. § 504, which includes his losses and any and all profits the Hangover Defendants have made as a result of its/their wrongful conduct. Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

37. In addition, because the Hangover Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

38. Plaintiff is entitled to recover his costs of suit pursuant to 17 U.S.C. § 505.

## COUNT II
## MISAPPROPRIATION OF THE RIGHT OF PUBLICITY UNDER COMMON LAW AND CAL. CIV. CODE § 3344 / HANGOVER DEFENDANTS

39. Plaintiff hereby restates and re-alleges paragraphs 1 through 38 of this Complaint as if fully stated herein.

40. Plaintiff's work "Mickey and Kirin" is a semi-biography of the Plaintiff.

41. The Hangover Defendants infringed Plaintiff's right of publicity by misappropriating the Plaintiff's private real life embodied in his art work "Mickey and Kirin" and also otherwise for commercial gain without authorization in producing Hangover-2.

42. As a direct and proximate result of Hangover Defendants' aforementioned conduct, Plaintiff has suffered damages by lost income in an amount to be determined at

trial.

43. The Hangover Defendants acted deliberately to injure Plaintiff and otherwise in conscious disregard of Plaintiff's rights. Further, the Hangover Defendants performed these acts, or otherwise authorized, ratified or had knowledge of them and thereby acted in conscious disregard of Plaintiff's rights. The Hangover Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to the Hangover Defendants in an amount unknown at the present time.

44. The acts and conduct of the Hangover Defendants as alleged above in this Complaint constitute a misappropriation of the right of publicity pursuant to the common law.

45. The acts and conduct of the Hangover Defendant as alleged above in this Complaint constitute a misappropriation of the right of publicity in the form of unauthorized commercial use of the treatment "Mickey and Kirin" as well the Plaintiff's private real life in violation of Cal. Civ. Code § 3344.

46. The Hangover Defendants' conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to the Hangover Defendants in an amount unknown at the present time.

47. The aforementioned acts of the Hangover Defendants were willful, oppressive, fraudulent and malicious and therefore, the Hangover Defendants' conduct justifies an award of exemplary or punitive damages in an amount sufficient to punish the Hangover Defendants and to make examples of them to others as provided for in Cal. Civ. Code § 3344(a).

## COUNT III
## DEFAMATION / HANGOVER DEFENDANTS

48. Plaintiff hereby restates and re-alleges paragraph 1 through 47 of this Complaint as if fully stated herein.

49. That Hangover-2, throughout various different scenes, contained several false and defamatory statements concerning the Plaintiff, including, but not limited to the following portrayals / scenes:

   a. Being portrayed / described as a person who under the influence of drugs, ditched his girlfriend and married to a prostitute in Las Vegas.

   b. Being portrayed / described as a person who under the influence of drugs, proposed a male-to-female transsexual prostitute to marry him and ended up having anal sexed by the transsexual prostitute.

   c. Being portrayed / described as a person who is often insulted by his Asian girlfriend's father.

50. That the abovementioned portrayals rise to the level of defamation which the Hangover Defendants were aware of and/or should have been aware.

51. That as the direct and proximate result of the abovementioned acts of the Hangover Defendants resulted in Plaintiff suffering insult, loss of reputation and irreparable damages.

**COUNT IV**
**ACTUAL / INTENTIONAL FRAUD**

52. Plaintiff hereby restates and re-alleges paragraphs 1 through 51 of this Complaint as if fully stated herein.

53. Throughout the time when Plaintiff was dating Tamayo and also during honeymooning, Tamayo repeatedly represented to Plaintiff that she would help Plaintiff through her film industry contacts in Hollywood to produce a movie using the treatment "Mickey and Kirin."

54. Throughout the time when Plaintiff was dating Tamayo and also during honeymooning, Tamayo never represented and/or disclosed to Plaintiff that she has contacts with the Hangover Defendants.

55. Plaintiff acted in reliance of Tamayo's representations and provided Tamayo with all his personal and other information including the treatment "Mickey and Kirin."

56. Unbeknownst to Plaintiff, the Hangover Defendants were likely in the process of writing for Hangover-2 which was based on the Defendant Tamayo's exploitation of Plaintiff's treatment and various other information and ideas shared by the

Plaintiff.

57. As a direct and proximate result of Defendant Tamayo's misrepresentations, Plaintiff suffered injuries and damages as fully described above.

## COUNT V
## CONSTRUCTIVE FRAUD / NEGLIGENT MISREPRESENTATION

58. Plaintiff hereby restates and re-alleges paragraphs 1 through 57 of this Complaint as if fully stated herein.

59. At all times relevant, Defendant Tamayo owed to Plaintiff a fiduciary duty by virtue of her relation as a girlfriend and also as a wife, to be honest, loyal and not be deceitful in representing to help Plaintiff with regard to the treatment "Mickey and Kirin."

60. Because Tamayo never represented to Plaintiff about her connections with the Hangover Defendants, Tamayo's conduct amounted to negligent misrepresentation on which Plaintiff justifiably relied, to his detriment, as explained above.

61. As a direct and proximate result of Tamayo's constructive fraud / negligent misrepresentation, Plaintiff suffered injuries and damages as fully described above.

## COUNT VI
## CIVIL CONSPIRACY

62. Plaintiff hereby restates and re-alleges paragraphs 1 through 61 of this Complaint as if fully stated herein.

63. In committing copyright infringement and other wrongs against the Plaintiff, each

Defendant engaged in a concerted action with other Defendants including the Doe Defendants.

64. In furtherance of this civil conspiracy, Defendants committed the copyright infringement and other wrongs by willfully participating in the joint activity.

65. As a direct and proximate result of this conspiracy, Plaintiff suffered injuries and damages as fully described above.

**COUNT VII**
**AIDING AND ABETTING FRAUD**

66. Plaintiff hereby restates and re-alleges paragraphs 1 through 65 of this Complaint as if fully stated herein.

67. Each Defendant knew about the Copyright Scheme, and actively participated in it by knowingly providing encouragement and substantial assistance in preparation of the fraud, as described in the Complaint.

68. As a direct and proximate result of the Defendants' encouragement and substantial assistance in preparation of the fraud, Plaintiff suffered injuries and damages as fully described above.

**COUNT VIII**
**ACCOUNTING**

69. Plaintiff hereby restates and re-alleges paragraphs 1 through 68 of this Complaint as if fully stated herein.

70. Based on the wrongful acts committed by the Defendants, Plaintiff is entitled to

claim for accounts for the value of the copyright, the proceeds from, as well as the proceeds and dividends derived from the exploitation of the copyright for "Mickey and Kirin" and the Plaintiff's private real life.

71. The amount due to the Plaintiff would be shown only through an accounting.

## COUNT VIII
## VIOLATION OF 18 U.S.C. § 1961(a)-(d) (RICO)

72. Plaintiff hereby restates and re-alleges paragraphs 1 through 71 of this Complaint as is fully stated herein.

73. At all times relevant, in violation of 18 U.S.C. § 1962(a)-(d) the Defendants conducted the affairs of certain association-in-fact enterprises identified herein, the affairs of which affected the interstate and foreign commerce, through a pattern of racketeering activity.

74. Defendants are an associations-in-fact consisting of their officers, employees and agents. These associations-in-fact are collectively referred to herein as the "Enterprise." The Enterprise is an ongoing and continuing business organization consisting of both corporations and individuals that are and have been associated for the common purpose of stealing, infringing original art work of authors and also by invading privacy of others for the purpose of financial gain by producing and distributing motions picture by copying such original work.

75. The members of the Enterprise have strong relation based on the contractual relationships, financial ties and continuing coordination of activities. Some of the

said relationships are described in the subsequent paragraphs.

76. Upon information and belief, Defendant Warner Bros. has distribution and coproduction agreements with Defendants Legendary Pictures and Green Hat Films. The production and distribution of Hangover-2 was pursuant to the foregoing ventures agreements.

77. Upon information and belief, Defendant Green Hat Films, previously known as The Todd Phillips Company is owned by Defendant Todd Phillips.

78. Upon information and belief, Defendant Living Films pursuant to an agreement with Defendant Warner Bros. ventured to coproduce Hangover-2.

79. Upon information and belief, Defendant Todd Phillips as part of the Enterprise has co-written, coproduced and directed the motions pictures-- The Hangover (2009), Due Date (2010) and The Hangover Part II (2011) which was produced by Defendants Warner Bros., Legendary Pictures and Green-Hat Films. Further, it is reported in media that the Enterprise is working on filming a sequel of Hangover-2 entitled Hangover 3.

80. Upon information and belief, among the 12 motion pictures directed by Defendant Todd Phillips and 8 motion pictures written by Defendant Scot Armstrong, they have worked together in 5 films i.e., Road Trip (2001); Old School (2003); Starsky & Hutch (2004); School of Scoundrels (2006) and The Hangover Part II (2011).

81. Upon information and belief, Defendant Graig Mazin who wrote Hangover-2 will

be writing for the sequence film Hangover 3.

82. The members of the Enterprises conspired to invade privacy of the Plaintiff and other similarly situated persons and fraudulently stole the treatment "Mickey and Kirin" which was registered with WGA and the same is pending registration before the US Copyright Registrar.

83. The members of the Enterprises usurped the treatment "Mickey and Kirin"; and also the private life of the Plaintiff to produce and distribute Hangover -2 which affected the foreign and interstate commerce of the Plaintiff.

84. The members of the Enterprise received income as a direct or indirect result of the racketeering activity of the Enterprises mentioned hereinabove.

85. Upon information and belief, Defendant Steve Bing who is one of the key members of the Enterprise who according to media, has the history of allegedly being involved in hiring private detectives and/or agents to illegally invade the privacy of others.

86. At all times relevant, Defendants were aware of each other's conduct, knowingly and willingly participated in that conduct, and reaped profits from that conduct. Defendants were aware that the theme and plot of the film Hangover-2  was fraudulently copied from the treatment "Mickey and Kirin"; and also has copied resemblance with the private real life of the Plaintiff.

87. Each of the Defendants conducted and participated in the affairs of the Enterprises

through a pattern of racketeering activity, including acts that are punishable under 18 U.S.C. § 1029 (wiretapping); 18 U.S.C. § 2319 (criminal infringement of copyright) and 18 U.S.C. § 1957 (engaging in monetary transactions in property derived from specified unlawful activity).

88. As a direct and proximate result of Defendants' aforementioned racketeering activities, Plaintiff suffered injuries and damages as fully described above.

## REQUEST FOR RELIEF

89. Wherefore, Plaintiff seeks the following remedies:

> d. Damages in an amount to be proven at trial, including but not limited to compensatory and consequential damages.
>
> e. Damages under RICO, 18 U.S.C. §§ 1961 *et seq.*
>
> f. Damages under Copyright Act, 17 U.S.C. §§ 101 *et seq.*
>
> g. Punitive damages on any and all causes of action permitting such damages.
>
> h. An order declaring the certificate of copyright registration for Hangover-2 invalid due to Defendants' copyright infringement of Plaintiff's treatment.
>
> i. Injunctive relief preventing the sale or disposition of Hangover-2 which is the result of the Defendants' copyright infringement.

    j.  Reimbursement of all money spent on the litigation, court

        cost and other expenses that would have been avoided if

        not the Defendants wronged against the Plaintiff.

    k.  Additional and/or alternative relief as the Court may

        deem to be just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

90. Plaintiff hereby demands a trial by jury in this case.

Dated: _10-12-2011_

MICHAEL ALAN

Los Angeles, California.
m-alan2011@live.com

PLAINTIFF IN *PRO PER*

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Michael Alan Rubin | CASE NUMBER |
|---|---|
| | CV11-8419-RGK(JCx) |
| PLAINTIFF(S) | |
| v. | |
| Warner Bros. See Attachment | **SUMMONS** |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

FOR OFFICE USE ONLY

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Michael Alan Rubin_____, whose address is _4712 Admiralty Way  Ste#276 Marina Del ray, California 90292_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _10/12/11_____    By: _____

cSEALAWYER

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

FOR OFFICE USE ONLY

FILED

Michael Alan Rubin
4712 Admiralty Way
Ste #276
Marina del Rey, Ca 90292
318 279 1886

2011 OCT 12 AM11: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY___

MICHAEL ALAN RUBIN
_____
Los Angeles, California.
m-alan2011@live.com

PLAINTIFF IN *PRO PER*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL ALAN RUBIN                  §
                                    §
        Plaintiff                   §
                                    §
v.                                  §
                                    §
WARNER BROS.                        §
ENTERTAINMENT INC.;                 §
LEGENDARY PICTURES, INC.;           §
LIVING FILM CORPORATION             §
LIMITED; TODD PHILLIPS;             §
CRAIG MAZIN; SCOT
ARMSTRONG; DANIEL
GOLDBERG; STEPHEN LEO
"STEVE" BING ; TAMAYO
OTSUKI; and DOES 1 through 50, 10

        Defendants.

**CV11-8419-** *RGK* (JCx)
CASE NO.

PLAINTIFF'S COMPLAINT   AND
DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, Michael Alan Rubin, appearing *pro se*, and for

a complaint against the defendants above named, states, alleges, and avers as

follows:

### JURISDICTION & VENUE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV11- 8419 RGK (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)

MICHAEL ALAN RUBIN

**DEFENDANTS** WARNER BROTHERS ENTERTAINMENT INC
LEGENDARY PICTURES INC;
LIVING FILMS CORPORATION LIMITED;
TODD PHILLIPS; CRAIG MAZIN;

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Attorneys (If Known)   SCOTT ARMSTRONG;
DANIEL GOLDBERG;
STEPHEN LEO "STEVE" BING;
TAMAYO OTSUKI; and DOES 1—50

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

17 USC 801

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LA County | CLARK COUNTY <br> CHIANG MAI, THAILAND |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
 Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date  10/12/2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |